IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

OSCAR CHAYANNE ORTIZ CARRENO,

              Plaintiff,

      v.

THE EDGEWATER HOTEL ASSOCIATES,
LLC and BEN HERTEL,

              Defendants.

NO.  2:26-cv-00250-JHC

**ORDER GRANTING DEFENDANT THE EDGEWATER HOTEL ASSOCIATES, LLC MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Pursuant to FRCP 12(b)(6).  Dkt. # 11.  The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law.  The motion is noted for March 30, 2026, but it is now fully briefed (*see* Dkt. ## 13 & 15) and ripe for decision.  For the reasons below, the Court GRANTS the motion, DISMISSES the claims against Defendant without prejudice, and GRANTS Plaintiff leave to amend his complaint.

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim.  To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556

ORDER GRANTING DEFENDANT
EDGEWATER'S MOTION TO DISMISS - 1
2:26-cv-00250-JHC

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true, and construe them in the light most favorable to the non-moving party." *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). If a complaint lacks a "cognizable legal theory" or "sufficient facts alleged to support a cognizable legal theory[,]" a court should dismiss the complaint for failure to state a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

To the extent Plaintiff is asserting a claim under 42 U.S.C. § 1983, the claim fails because he does not allege that any defendant acted under color of state law. *See generally* Dkt. # 5. Plaintiff says he alleges retaliation, but the complaint does not specify any protected conduct. *See id.* Plaintiff says he alleges wrongful termination, but he alleges no facts from which to infer a legal violation as to his discharge. *See id.* Plaintiff says he alleges discrimination, but the complaint does not identify any protected class on which to base such a claim. *See id.* Nor does he identify a legal basis for a "bad faith" claim.

For the foregoing reasons, the Court GRANTS the motion and DISMISSES all claims against Defendants without prejudice. The Court GRANTS Plaintiff leave to amend the complaint. *See Bacon v. Woodward*, 104 F.4th 744, 753 (9th Cir. 2024) ("Even if a complaint is deficient, we have repeatedly held that a district court should grant leave to amend *even if no request to amend the pleading was made*, unless it determines that the pleading could not be

ORDER GRANTING DEFENDANT
EDGEWATER'S MOTION TO DISMISS - 2
2:26-cv-00250-JHC

cured by the allegation of other facts." (quotations omitted)).  Plaintiff may file an amended complaint on or before April 16, 2026.

Dated this 26th day of March, 2026.

JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT
EDGEWATER'S MOTION TO DISMISS - 3
2:26-cv-00250-JHC